# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CRAIG THOMAS BATES,**

    **Plaintiff,**

    v.                                                                                                      Case No. 10-C-0576

**HANNS FRIEDEL, SHERIFF ROBERT
CARLSON, HEALTH PROFESSIONALS
LTD, JOHN DOE DOCTOR, JACOBSEN,
MELISSA GONZALEZ, CHAVEZ, CASSIDY, and
JANE DOE CORRECTION OFFICER,**

    **Defendants,**

---

## ORDER

Plaintiff, Craig Thomas Bates, who is incarcerated at the Racine County Jail, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's motions for leave to proceed in forma pauperis, his motion to appoint counsel, his motion for order to secure plaintiff's safety, and for screening of plaintiff's amended complaint.[1]

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. Plaintiff did not use the court's form for his first motion for leave to proceed in forma pauperis, and he did not attached a certified copy of his prison trust account statement. Accordingly, that motion will be denied.

---

[1] On October 1, 2010, plaintiff filed an Amended Complaint. Federal Rule of Civil Procedure 15(a) allows plaintiff to amend once before a responsive pleading is filed as a matter of right. Accordingly, the Amended Complaint supersedes plaintiff's original Complaint, and I will screen the Amended Complaint.

However, plaintiff then submitted his second motion on the court's form and filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). He now has been assessed and paid an initial partial filing fee of $5.60. Plaintiff's second motion for leave to proceed in forma pauperis will be granted.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In the caption of his Amended Complaint omplaint, plaintiff names only three defendants and "et al." In a section entitled "Defendants," plaintiff also refers to a John Doe doctor and a number of corrections officers at the Racine County Jail (Jacobsen, Melissa Gonzalez, Chavez, Cassidy, and Jane Doe). In the narrative section of his

Amended Complaint, plaintiff specifically mentions Friedel, the John Doe doctor, and Jacobsen. He states, "[t]hose remaining defendants held me in segregation for more then [sic] three (3) months without cause." (Amended Complaint at 4). The plaintiff's claims relate both to his arrest by Freidel, from the Racine Police Department, and his detention at the Racine County Jail, where the corrections officers are county employees and the medical staff may be employed by Health Professionals Ltd.

Based on the court's reading of the complaint, it appears that plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

Moreover, the court in George reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

3

occurrences; and any question of law or fact common to all defendants will arise in the action."

I find that plaintiff's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against defendants from the Racine Police Department and the Racine County Jail. The George court instructed that such "buckshot complaints" should be "rejected." Id. Therefore, the complaint will be dismissed without prejudice and plaintiff will be required to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action. Plaintiff should carefully consider the claims which he intends to pursue in this case because in a multi-claim, multi-defendant suit, each claim will be evaluated for the purpose of 28 U.S.C. § 1915(g). When any claim in a complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, plaintiff will incur strikes. See George, 507 F.3d at 607.

Plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). If the plaintiff files an amended complaint, it will become the operative complaint in this action, and I will screen it in accordance with 28 U.S.C. § 1915A.

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli

v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

Plaintiff also filed a motion for appointment of counsel. He asks the court to appoint counsel due to the complexity of this case, his lack of access to legal materials, and defendants' attempts to prevent litigation. Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Plaintiff has submitted no evidence of an attempt to secure counsel on his own. Additionally, despite the need for an amended complaint, plaintiff has communicated effectively with the court regarding his claim and appears competent to litigate this matter. Accordingly, plaintiff's motion to appoint counsel will be denied without prejudice.

Plaintiff submitted a letter to me on September 10, 2010, which was docketed as a motion for order to secure plaintiff's safety. In it, he asserts that his crutches were taken and were only to be used for distant walking and showering. He also submits that defendant Jacobson broke one of the crutches after plaintiff asked to use them. In his letter, plaintiff also asks to amend the complaint on one of the court's forms. Although

plaintiff's motion does not warrant injunctive relief and will be denied, I will give him the opportunity to amend his complaint, as detailed above.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #6) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to secure plaintiff's safety (Docket #13) is **DENIED**.

**IT IS FURTHER ORDERED** that the Amended Complaint submitted on October 1, 2010, is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff is directed to file an amended complaint on or before **Friday, February 4, 2011**, which identifies the individuals defendants plaintiff wishes to sue and contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint by **Friday, February 4, 2011**, that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the Clerk of Court shall attach to this Order a copy of the court's form complaint under 42 U.S.C. § 1983 for him to use to draft his amended complaint.

**IT IS FURTHER ORDERED** that the Racine County Sheriff shall collect from plaintiff's prisoner trust account the $344.40 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Racine County Sheriff.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 7th day of January, 2011.

/s
LYNN ADELMAN
District Judge