# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CRAIG THOMAS BATES,**

    **Plaintiff,**

    v.                                                               Case No. 10-C-0576

**HANNS FRIEDELL,**
**NURSE JANE DOE, and**
**DOCTOR JOHN DOE,**

    **Defendants,**

## ORDER

Plaintiff, Craig Thomas Bates, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me for screening of plaintiff's amended complaint.[1]

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and

---

[1] Plaintiff's Amended Complaint was docketed on February 8, 2011. On February 22, 2011, the court received an amended page 4. I have inserted plaintiff's amended page 4 in place of the page 4 originally filed with the Amended Complaint to create the document I will screen.

his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations,

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

On April 2, 2010, defendant Hanns Freidel, a City of Racine police officer, briefly pursued plaintiff on foot. Officer Freidel tased plaintiff while plaintiff was jumping a fence, and plaintiff fell to the ground unconscious. Officer Freidel then jumped onto the back of plaintiff's legs and kneeled on the back of plaintiff's knees while cuffing plaintiff. When other officers arrived and plaintiff was lifted to his feet, he could not walk or stand without help. Despite plaintiff's pleas for medical attention to Officer Freidel and another officer, he was taken to the Racine County Jail.

Upon arrival at the jail, Sergeant Gonzalez asked a passing nurse (defendant Jane Doe) to examine plaintiff to determine if plaintiff should be taken to the hospital. She visually examined plaintiff and then stated, "no, he'll be alright." (Complaint at 4).

On April 6, 2010, plaintiff was seen by nurse Bill and defendant Dr. John Doe. The doctor bent and straightened plaintiff's legs, then ordered 800 mg of Ibuprofen and a set of crutches "so that he can get around," but no further treatment. *Id.* Finally, approximately four months later, plaintiff persuaded the doctor to order x-rays, but plaintiff was never given the results.

Claims that law enforcement have used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. Graham v. Connor, 490 U.S. 386 (1989); see also Smith v. City of Chicago, 242 F.3d 737 (7th Cir. 2001). The reasonableness inquiry is objective: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. The amount of permissible force depends on the specific situation, including "the severity of the crime at

issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. Plaintiff may proceed on a Fourth Amendment excessive force claim against defendant Hanns Freidel.

With regard to plaintiff's medical care claims, it is not clear whether the Fourth or Fourteenth Amendment standard applies. The Seventh Circuit "recognized in Lopez v. City of Chicago that the Fourteenth Amendment's due process protections only apply to a pretrial detainee's confinement conditions after he has received a judicial determination of probable cause." Williams v. Rodriguez, 509 F.3d 392, 403 (7th Cir. 2007) (citing Lopez v. City of Chicago, 464 F.3d 711, 719 (7th Cir. 2006)). Claims regarding conditions of confinement for pretrial detainees who have not yet had a judicial determination of probable cause, are instead governed by the Fourth Amendment and its objectively unreasonable standard. Id. It is possible that different standards apply to different portions of plaintiff's medical care claims, depending on whether he was arrested on a warrant or probable cause and/or when he received a judicial determination of probable cause after his arrest. Under either standard, plaintiff has stated medical care claims against defendants Hanns Freidel, Nurse Jane Doe, and Doctor John Doe.

Upon receipt of this order, plaintiff should promptly use discovery to identify Nurse Jane Doe and Doctor John Doe. Then, when he has learned their identities, plaintiff should move to amend the caption of his complaint to name the individuals who were personally involved in the deprivation of his constitutional rights so that they can be served. Even if plaintiff is unsuccessful in his attempts to identify Nurse Jane Doe and Doctor John Doe, it is the court's duty to assist him in doing so. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the

identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation."). If, after a good faith attempt to discover the names of the intended defendants, plaintiff remains unable to identify them, he shall advise the court regarding his attempts and seek help to disclose the identities. Plaintiff shall update the court regarding his attempts to identify Nurse Jane Doe and Doctor John Doe on or before **Friday, June 17, 2011**.

Plaintiff also has filed several letters with the court. In a letter docketed on March 23, 2011, plaintiff disputes his identification as a gang member at Dodge Correctional Institution. In a letter docketed April1, 2011, plaintiff requests an attorney to investigate possible racial profiling at DCI. Neither of these letters relates to the claims underlying plaintiff's complaint in this case. In fact, the issues described did not even occur at the same institution. As such, I will not consider them and will not grant the relief they request.

Therefore,

IT IS ORDERED that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendant Hanns Freidel pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

IT IS ALSO ORDERED that defendant Hanns Freidel shall file a responsive pleading to the complaint.

5

IT IS FURTHER ORDERED that on or before **Friday, June 17, 2011**, plaintiff shall update the court regarding his attempts to identify Nurse Jane Doe and Doctor John Doe.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $344.40 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined.

IT IS FURTHER ORDERED that plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies

of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2011.

/s
LYNN ADELMAN
District Judge