# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CRAIG THOMAS BATES,**

    **Plaintiff,**

  v.                                                                             Case No. 10-C-0576

**HANNS FRIEDELL,
NURSE JANE DOE, and
DOCTOR JOHN DOE,**

    **Defendants,**

## ORDER

This matter is before me on several motions filed by plaintiff.

On June 10, 2011, plaintiff filed a motion to appoint counsel. He advised the court that he would be entering the Wisconsin Department of Corrections' Earned Release Program (ERP). The ERP is a six month treatment oriented program, and participants are required to sign a written contact. One of the terms of the contract prohibits participants from litigating cases because they are supposed to be focused on treatment. When he filed this motion, plaintiff had an ERP placement scheduled for July 4, 2011, and he had made several good faith attempts to obtain counsel.

On August 24, 2011, I received a letter from plaintiff in which he again asks for either the appointment of counsel or for this case to be held in abeyance until January 2012, his expected release date. Plaintiff also represents that he was able to complete discovery to the best of his ability.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007);

Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

Plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case are straightforward and uncomplicated. Moreover, plaintiff's filings indicate that he is capable of litigating this case himself. In particular, plaintiff's response to defendant Freidel's motion for summary judgment is appropriate, clear and very sophisticated for a pro se litigant. Accordingly, I will deny plaintiff's requests for the appointment of counsel. Additionally, plaintiff was able to prepare and file the responsive documents even during the time in which he believed he would not be able to do legal work, rendering moot his request for a stay.

Plaintiff also filed a motion to compel discovery dated July 10, 2011, which was received by the court on July 12, 2011. The affidavit accompanying the motion indicates that he had served discovery requests on defendants on May 31, 2011. In his motion, plaintiff argued that he believed discovery was being withheld as a method to hinder his prosecution of this case. However, in his response to this motion, defendant Freidel produced evidence that he responded to plaintiff's interrogatories and requests for production of documents on July 8, 2011. It appears that plaintiff's motion crossed in the mail with defendant Freidel's responses. Accordingly, I will deny plaintiff's motion as moot.

2

I will address defendant Freidel's motion for summary judgment separately. Therefore,

**IT IS ORDERED** that plaintiff's motion to appoint counsel (Docket #43) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel production of discovery (Docket #48) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #54) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a stay (Docket #54) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 12th day of January 2012.

s/
LYNN ADELMAN
District Judge